UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-CR-96 |
| | ) | |
| STEVEN JON FREDERIKSEN, | ) | Hon. Gerald Bruce Lee |
| | ) | |
| Defendant | ) | Sentencing: October 21, 2016 |

## UNITED STATES' POSITION ON SENTENCING

The United States, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G"), hereby submits its position with respect to the sentencing of the defendant, Steven Jon Frederiksen. As a preliminary matter, the United States agrees that the defendant has shown acceptance of responsibility for his offenses and moves for a three-level decrease in total offense level pursuant to U.S.S.G. §§3E1.1(a) and (b). The United States further agrees that the defendant's total offense level has been properly calculated by the Probation Office in its Presentence Investigation Report ("PSR") to be 43. [Dkt. 35.][1] The defendant's Criminal History Category ("CHC") is agreed to be Category I. This total offense level and CHC carry a sentencing recommendation of life in prison. In light of this calculation, and the factors set forth in 18 U.S.C. § 3553(a) as applied to the defendant, the government respectfully requests that this Court sentence the defendant to not less than twenty-five years (300 months) of incarceration.

---

[1] An updated PSR was filed on October 13, 2016, with minor typographical edits that did not change the ultimate Guidelines calculation.

## BACKGROUND & PROCEDURAL HISTORY

The government hereby incorporates by reference the Statement of Facts filed in this case on August 2, 2016. [Dkt. 27.] Nothing set forth herein is intended to alter or contradict that Statement of Facts. To summarize for the Court, on or about November 20, 2015, the Defense Intelligence Agency ("DIA") reported to the Criminal Investigative Command at Ft. Belvoir that Army Lieutenant Colonel Steven Jon Frederiksen, a DIA employee, was viewing videos and images of females suspected to be under the age of eighteen using his government-provided laptop. DIA consequently began to monitor and record the defendant's activity on this laptop.

A subsequent review of these video recordings of the defendant's DIA computer usage revealed that he was chatting with several underage females over the Internet and was knowingly requesting, persuading, coercing and enticing minors to produce and provide to him photos and videos of themselves engaged in sexually explicit conduct, including masturbation. Based on this evidence, the government obtained a search warrant for the defendant's Google account, which revealed that the defendant was also saving images and videos of minor girls engaged in sexually explicit conduct, together with other related content, to several folders in his Google Drive account. Those folders were labeled with the names or online aliases of various minor girls throughout the country. The defendant also sent several videos of child pornography to a third party over the internet.

The government filed a criminal complaint against the defendant on March 28, 2016. A grand jury returned an eight-count indictment against him on April 28, 2016. On August 2, 2016, the defendant pleaded guilty to Counts One and Four of the indictment, which charged the defendant with production of child pornography, in violation of, Title 18 United States Code,

Section 2251(a), and attempted coercion and enticement of a minor, in violation of Section 2422(b), respectively.

## ARGUMENT

### I. The Defendant's Guidelines Sentence is Properly Calculated

Although the Sentencing Guidelines are advisory, the Court is required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). A "district court shall first calculate . . . the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). In this case, the defendant's advisory Sentencing Guidelines Range was correctly calculated by the Probation Office as a total offense level of 43 (life imprisonment) and a CHC of I. PSR ¶¶ 21–80.

The Probation Office correctly calculated the defendant's combined adjusted offense level at 42. PSR ¶ 70. This is because, per U.S.S.G. §§2G1.3(d)(1) and 3D1.4, he is assessed the highest of the adjusted offense levels calculated for each count, which in his case arises from a count of production of child pornography. The base offense level for this production offense is 32. *See* U.S.S.G. §2G2.1. The Probation Office correctly enhanced this offense level by two levels because the offense involved a minor older than twelve but younger than sixteen. *See* U.S.S.G. §2G2.1(b)(1)(B). The Probation Office also correctly enhanced this offense level by two levels because the defendant's offense involved distribution. *See* U.S.S.G. §2G2.1(b)(3); U.S.S.G. §2G2.1(b)(3), comment. (n.1) (defining distribution as "any act, including . . . production . . . related to the transfer of material involving the sexual exploitation of a minor"). The Probation Office correctly further enhanced this offense level by two levels because it involved the use of a computer. *See* U.S.S.G. §2G2.1(b)(6)(B). Thus the highest adjusted offense level applicable to the defendant is 38. The Probation Office then correctly calculated the

additional adjustment for multiple counts, *see* PSR ¶ 67, which results in five units and therefore adds four levels for a combined adjusted offense level of 42. *See* U.S.S.G. §3D1.4 (stating that "3 1/2 – 5" multiple count units "add[s] 4 levels" to the sentencing recommendation).

The Probation Office then correctly applied the five-level enhancement in U.S.S.G. §4B1.5(b) for "Repeat and Dangerous Sex Offender Against Minors." First, the defendant was convicted of production of child pornography, which is a covered sex crime because it is an offense under Chapter 110 of the United States Code that is not distribution, receipt, or possession of child pornography. *See* U.S.S.G. §4B1.5, comment. (n.2). Second, by producing child pornography of, attempting to produce child pornography of, coercing and enticing, and attempting to coerce or entice at least six minors, the defendant engaged in a pattern of activity involving prohibited sexual conduct. *See* U.S.S.G. §4B1.5, comment. (n.4) (noting that "a defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor . . . without regard to whether the occasion occurred during the course of the instant offense"). This enhances the combined total offense level to 47.

After reducing the defendant's sentence by three levels to reflect his acceptance of responsibility, his total offense level becomes 44. *See* U.S.S.G §§3E1.1(a) and (b). Pursuant to the *Commentary to the Sentencing Table* found in Chapter 5, Part A, of the Guidelines, however, the highest offense level that may be used in any case is 43. The defendant's total offense level is thus 43. The parties agree that the defendant's CHC is Category I. A total offense level of 43 with a CHC of I carries a recommended life sentence.

For the foregoing reasons, the defendant's sentencing recommendation has been correctly calculated.

## II. A Sentence of Twenty-Five Years' Imprisonment & a Lifetime of Supervised Release Best Satisfies the Factors Enumerated in 18 U.S.C. § 3553(a)

After calculating the appropriate guidelines sentence range, a court must "consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d at 546. The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant's child pornography offenses are among the most serious crimes contemplated by the federal criminal code. The defendant sought out and found young girls, ranging in age from fourteen to seventeen, using social media applications to chat with them. He communicated with these young girls and, over time, persuaded at least four of them to produce child pornography for his personal gratification. He attempted to entice two other minor females to engage in illicit sexual conduct as well. The defendant has victimized at least six impressionable young children. He curated and kept Google Drive folders of their child pornography labeled with their names. These children will live with the scars of what the defendant has done to them for the rest of their lives. As the PSR and the Statement of Facts note, the defendant also sent a third party several videos of child pornography, including one which depicts a prepubescent female child performing oral sex on an adult male and another which depicts several prepubescent female children performing oral sex on adult males and

5

being anally or vaginally penetrated. Sexually explicit images of eight minors, in addition to those the defendant victimized, were found on the defendant's computer. Taken together, this conduct is horrifying and condemnable in the strongest possible terms, and it merits a significant sentence commensurate with the depravity of the defendant's actions.

      While the Guidelines recommend a sentence of life in prison, the United States respectfully submits that a sentence of twenty-five years is appropriate in this case. The government contends that the defendant's truly heinous and compulsive child-harming conduct merits such a punishment. It is true that the defendant does not have a significant criminal history until this point, but the government contends that, as well-educated and high-ranking officer in the United States Army, his betrayal of the public trust is all the more galling. He clearly knew that what he was doing to these children was wrong, but he did it anyway for his own selfish gratification. A punishment of twenty-fives years' imprisonment takes into account the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offenses, and will protect the public from further crimes perpetrated by the defendant.

      Such a sentence would also avoid sentencing disparities because it is in line with sentences recently handed down in this district in similar cases. *See, e.g.*, *United States v. Battle*, 1:15-cr-274-CMH (E.D.Va. June 10, 2016) (sentencing defendant to 300 months in prison upon conviction at trial of production of child pornography offenses where the defendant pretended to be a minor girl and chatted with minor victims to entice them to engage in sexually explicit activity via the Internet); *United States v. Brian Hendrix*, 1:15-CR-172-TSE (E.D.Va. April 8, 2016) (sentencing defendant to 252 months in prison after conviction at trial of conspiring to produce child pornography by pretending to be a minor girl or boy and chatting with minor victims to entice them to engage in sexually explicit activity on web camera).

Finally, under 18 U.S.C. § 3553(k), the authorized term of supervised release for the defendant's offense is any term not less than five years to life. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson,* 529 U.S. 53, 59 (2000). "Supervised release . . . is not a punishment in lieu of incarceration." *United States v. Granderson,* 511 U.S. 39, 50 (1994). The authorized term of supervised release for the offense here reflects heightened concern about recidivism and the need for supervision over time. *See* H.R. Rep. No. 107–527 at 2 (2002) (explaining that "studies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes. Moreover, the recidivism rates do not appreciably decline as offenders age"); H.R. Conf. Rep. No. 108-66 at 49–50 (2003).

In considering the length and conditions of supervised release, the court should consider the nature and circumstances of the offense, the defendant's history and characteristics, adequate deterrence, the defendant's need for training, medical care or treatment, the kinds of sentence and range established in the Sentencing Guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and restitution. *See* 18 U.S.C. §3583(c) (courts should consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4); (a)(5), (a)(6) & (a)(7)); *see also United States v. Helton,* 782 F.3d 148 at n.* (4th Cir. 2015).

Given the seriousness of the defendant's conduct, the government recommends a lifetime of supervised release for the same reasons discussed above with respect to the length of the defendant's recommended prison sentence.

## CONCLUSION

For the reasons set forth above, the United States respectfully recommends and requests that the Court impose upon the defendant a sentence of twenty-five years of incarceration and a lifetime of supervised release. Such a sentence would be sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

                                        Respectfully submitted

                                        Dana J. Boente
                                        United States Attorney

Date: October 14, 2016

                                        By:         /s/
                                        James E. Burke IV
                                        Special Assistant United States Attorney (LT)
                                        United States Attorney's Office
                                        Eastern District of Virginia
                                        2100 Jamieson Avenue
                                        Alexandria, VA 22314
                                        Tel.: (703) 299-3700
                                        Email:  james.e.burke@usdoj.gov

                                        Lauren Britsch
                                        Trial Attorney
                                        Child Exploitation & Obscenity Section
                                        Criminal Division, U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have on this date served a copy of the foregoing upon the counsel for defendant Steven Jon Frederiksen in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing.

  This, the 14th day of October, 2016.

                By:    /s/
                James E. Burke IV
                Special Assistant United States Attorney
                United States Attorney's Office
                Eastern District of Virginia
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Tel.: (703) 299-3700
                Email: james.e.burke@usdoj.gov